IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY J. OLIVER,  )<br> )<br> )<br>  Plaintiff, )<br> )<br> v. )<br> )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., *et al.*, )<br> )<br> )<br>  Defendants. )<br> ) | CIVIL ACTION NO. 5:25-cv-34 (MTT) |

## ORDER

Plaintiff Anthony Oliver claims that three credit reporting agencies ("CRAs")—Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants")— violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Doc. 6. The Defendants now move to dismiss Oliver's second amended complaint (Doc. 6)[1] in its entirety arguing that it is an impermissible shotgun pleading and fails to state a claim. Doc. 12. For the reasons that follow, the Defendants' motion (Doc. 12) is **GRANTED**.

---

[1] While Doc. 6 is titled "Plaintiff's First Amended Complaint," Oliver has amended his complaint twice since this lawsuit was filed, including once after the defendants' first motion to dismiss. Both times Oliver was represented by counsel. *See* Docs. 1-1 at 1-5, 22-29.

## I. BACKGROUND[2]

During the months of September and October of 2024, Oliver, a Georgia Department of Corrections inmate,[3] alleges that a friend tried to obtain copies of Oliver's credit report from a website that offers a free credit report to consumers.  Doc. 6 ¶¶ 7, 13.  Either because the friend did not know the answers to the security questions on the website, or for some other reason, Oliver was unable to obtain a free credit report from the website.  *Id*. ¶ 8.

During November and December of 2024, Oliver sent demand letters to the Defendants' registered agents requesting his credit reports.  *Id*. ¶ 11.  He alleges that the Defendants' registered agents "received Plaintiff's demand letters and upon information and belief … forwarded [the demand letters] to the defendants."  *Id*. ¶ 12.  Oliver alleges that he was entitled to his free credit report under the FCRA, "but the defendants refused to provide him his reports."  *Id*. ¶ 10.

When he didn't receive the free credit reports, Oliver alleges that his friend went to a "third-party website" and paid $7.95 to obtain the reports.  *Id*. ¶¶ 16, 17.  Upon reviewing the reports, Oliver "discovered a fraudulent debt … from Ability Recovery Services, L.L.C., … for the amount of $900.00 plus dollars" and "prepared a[n] FCRA

---

[2] The following facts are drawn from the second amended complaint.  Doc. 6.  The Court notes that while Oliver's response to the Defendants' motion to dismiss refers to facts alleged in the original complaint and first amended complaint (Doc. 22 at 2), those previous pleadings are a "legal nullity."  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

[3] Due to Oliver's lengthy history of filing abusive litigation, courts in other districts have entered vexatious litigant orders imposing filing restrictions on Oliver.  *See, e.g., Oliver v. Ameris Bank,* 2023 WL 6159997 (11th Cir. Sept. 21, 2023) (discussing Oliver's vexatious litigant status in the Southern District of Georgia and Central District of California and affirming the district court's determination that additional pre-filing restrictions were warranted).  The Defendants' brief details Oliver's lawsuits against them.  Doc. 12-1 at 2 n. 2.

dispute letter listing the fraudulent debt."[4]  *Id*. ¶¶ 17-19.  He sent his dispute letter to Ability "requesting an FCRA investigation into the debt and that he be provided with copies of their investigation."  *Id*. ¶ 21.  Oliver also sent his dispute letters to the Defendants' registered agents.  *Id*. ¶ 20.  Oliver alleges that the registered agents then forwarded his dispute letters to the Defendants.  *Id*. ¶ 21.  He alleges that all "defendants received Plaintiff's FCRA dispute letters and failed to conduct an FCRA investigation and provide Plaintiff with copies of their investigation or an updated copy of his credit reports."[5]  *Id*. ¶ 22.

Oliver alleges that after the Defendants failed to conduct an investigation or "forward[] a copy of any investigated results" to him, he was denied a credit card "due to the derogatory credit reporting by the defendants" and "will now have to pay a higher annual percentage rate on a[n] apartment or new vehicle loan when he is released [from Georgia Department of Corrections' custody] relatively soon."[6]  *Id*. ¶¶ 22, 25.  Thus, Oliver maintains that he has been damaged "as a result of the actions of the defendants."[7]  *Id*.

---

[4] Oliver alleges that he prepared the letter "listing the fraudulent debt" in "January 2024," which is long before Oliver alleges he even began attempting to obtain his credit reports.  Doc. 6 ¶ 19.

[5] None of the documents referenced are attached to the second amended complaint, and Oliver does not allege when the dispute letters were sent or purportedly received.  *See generally* Doc. 6.

[6] According to Georgia Department of Corrections, *Find an Offender – Anthony Allen Oliver* (GDC ID: 1002060648), https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last visited Jul. 30, 2025), Oliver's maximum possible release date is April 1, 2029.

[7] The Defendants challenge Oliver's damages allegations, essentially arguing that because he is incarcerated these allegations are not credible.  Doc. 12 at 10-11.  Oliver's litigiousness no doubt frustrates the Defendants, but the Court can't make credibility judgments.  A better question would be whether Oliver has sufficiently established standing.  The Eleventh Circuit recently held that spending money and time attempting to correct errors on a credit report that has not been published to a third party or otherwise affected a plaintiff fails to satisfy the standing requirements of Article III.  *Nelson v. Experian Info. Sols. Inc.*, 2025 U.S. App. LEXIS 17918 at *2, 2025 WL 2016752, __ F.4th __ (11th Cir. July 18, 2025).  Oliver alleges that he applied for a credit card and was denied credit due to the inaccuracy in his

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Where there are dispositive issues of law, a court may dismiss a claim

---

credit report.  Doc. 6. ¶ 25.  Taking his allegations as true, he has set forth a concrete injury sufficient to satisfy standing.  See *Nelson,* 2025 U.S. App. LEXIS 17918 at *12 (describing denial of access to credit as a real-world harm) (citing *Pinson v. JPMorgan Chase Bank, N.A.,* 942 F.3d 1200, 1207 (11th Cir. 2019)).

regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

Oliver's second amended complaint, as best the Court can tell, brings two claims under the FCRA against the Defendants: violation of 15 U.S.C. § 1681i(a) for "intentionally and negligently refus[ing] …. to investigate any dispute after receiving a proper dispute notice from Plaintiff" and "intentional and negligent" failure to comply with the FCRA under 15 U.S.C. § 1681o.  Doc. 6 ¶¶ 27-36.  The Defendants move to dismiss on three grounds: (1) Oliver's second amended complaint is an impermissible shotgun pleading; (2) even if the Court considers Oliver's claims, Oliver fails to allege an actionable FCRA claim against the Defendants; and (3) any further amendment would be futile because the facts are fully pleaded, and Oliver has not plead an FCRA violation.  Doc. 12-1 at 2-3.

### A. The Second Amended Complaint is an Impermissible Shotgun Pleading

The Defendants maintain that the second amended complaint "is an impermissible shotgun pleading—'[a] complaint that fails to articulate claims with sufficient clarity[.]'"  Doc. 12-1 at 5 (citing *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008)).  The Court agrees.  The second amended complaint violates Rule 8(a)(2)'s "short and plain statement" requirement because "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."  *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).   For both his § 1681i and § 1681o claims, Oliver's second amended complaint "re-alleges and reincorporates each of the

paragraphs as stated herein," and the Court cannot tell how the allegations are connected to either claim.  See *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010) (Tjoflat, J., concurring) (describing a "typical" shotgun pleading as one where "each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim").

Moreover, while the second amended complaint seems intended to assert two claims, the first claim maintains that "Section 1681o of the FCRA provides civil liability against any CRA or furnisher which is negligent in failing to comply with any requirement imposed under the act," but other than § 1681i(a), fails to state which requirement(s) Oliver contends the Defendants violated.  Again, it is not clear to the Court which of the facts alleged by incorporation are intended to support Oliver's apparent § 1681o claim.  But even if the Court declined to find that the second amended complaint is an impermissible shotgun pleading, it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**B. Oliver's § 1681i Claim Fails**

To state a claim under 15 U.S.C. § 1681i(a), a plaintiff must allege that (1) his consumer report contained inaccurate or incomplete information; (2) the plaintiff notified the CRA of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable investigation of the disputed items; and (5) the failure to reinvestigate caused damages.  *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011).  The Defendants maintain that

Oliver has failed to allege that his consumer report contained an inaccuracy. Doc. 12-1 at 8. The Court agrees.

In *Holden v. Holiday Inn Club Vacations, Inc.*, 98 F.4th 1359, 1363 (11th Cir. 2024), the Eleventh Circuit addressed the question of what "what amounts to an actionable inaccuracy under the FCRA" and held that the information in dispute must be "'objectively and readily verifiable.'" *Id*. (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023)). The Fourth Circuit adopted this standard in *Roberts v. Carter-Young, Inc.*, 131 F.4th 241 (4th Cir. 2025), explaining that "inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation." *Id.* at 251. Thus, by merely alleging that he disputed a "fraudulent debt," and failing to allege any facts showing this "fraudulent debt" was an objectively and readily verifiable inaccuracy, Oliver's claims under § 1681i fail. *Compare Holden*, 98 F.4th at 1368 ("[I]f a legal question is sufficiently settled so that the import on a particular debt is readily and objectively verifiable, the FCRA sometimes requires that the implications of that decision be reflected in credit reports.") (quoting *Mader*, 56 F.4th at 271).

Moreover, in response to the Defendants' argument that Oliver failed to plead an inaccuracy, Oliver points to "an erroneous report that he owed $386.00 on a Fiest [sic] Premier Bank credit card." Doc. 22 at 2. This has no apparent connection to Oliver's second amended complaint, which concerns "a fraudulent debt … from Ability Recovery Services, L.L.C." Doc. 6 ¶¶ 17-19. Oliver has failed to state a claim under § 1681i.

**C. Oliver's § 1681o Claim Fails**[8]

Oliver seeks to hold the Defendants liable under 15 U.S.C. § 1681o.  Doc. 6 ¶¶ 27-30.  "The FCRA creates a private right of action against [CRAs] for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see* 15 U.S.C. § 1681n, violation of any duty imposed under the statute."  *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007)), *on reh'g sub nom., Collins v. Equable Ascent Fin., LLC,* 781 F.3d 1270 (11th Cir. 2015).  As discussed above, Oliver has failed to properly allege any underlying violation of the FCRA and thus cannot recover under § 1681o.

**D. Oliver's Request for Declaratory and Injunctive Relief Fails**

Oliver seeks "a Judicial declaration that each of the defendants violated the FCRA" and "an order directing the defendants to delete the debt posted on Plaintiff's credit reports by Ability Recovery Services, L.L.C."  Doc. 6 at 6, ¶¶ 4-5.  District courts in the Eleventh Circuit have consistently held that equitable relief is not available to private litigants under the FCRA.  *See, e.g.*, *Hamilton v. DirecTV, Inc.*, 642 F. Supp. 2d 1304, 1305–06 (M.D. Ala. 2009) (explaining that 15 U.S.C. §§ 1681n, 1681o list the types of relief available to individuals and do not include equitable relief, while § 1681s(a) grants the Federal Trade Commission the right to seek injunctions); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995).  Thus, Oliver is not entitled to declaratory or injunctive relief.

---

[8] Oliver's response brief fails to address or respond to the Defendants' arguments that Oliver's § 1681o claim fails and that Oliver is not entitled to declaratory and injunctive relief.  *Compare* Doc. 12 at 10-14 *with* Doc. 22.  "'[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.'"  *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001)).  Nonetheless, the Court briefly addresses the Defendants' arguments.

**E. Any Amendment Would Be Futile**

A district court need not grant leave to amend under Federal Rule of Civil Procedure 15(a) where permitting such amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004). Here, Oliver has already had two opportunities to amend his complaint with the benefit of counsel, and the Court finds that Oliver's pleading deficiencies would not be cured by any further amendment.

### IV. CONCLUSION

Accordingly, the Defendants' motion to dismiss the second amended complaint (Doc. 12) is **GRANTED** and Oliver's second amended complaint (Doc. 6) is **DISMISSED with prejudice**.

**SO ORDERED**, this 7th day of August, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT