IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
__MACON DIVISION

ANTHONY J. OLIVER,                   :
                                     :
        **Plaintiff,**               :
                                     :
    vs.                              :
                                     :       **NO. 5:25-cv-00034-MTT**
EXPERIAN INFORMATION                 :
SOLUTIONS, INC., *et al.*,           :
                                     :
                                     :
        **Defendants.**              :
_____     :

## ORDER

Plaintiff Anthony J. Oliver, a prisoner incarcerated in Valdosta State Prison in Valdosta, Georgia, moves to proceed *in forma pauperis* on appeal.  ECF No. 30.  Plaintiff seeks to appeal the order entered on August 7, 2025, granting the defendants' joint motion to dismiss this case for failure to state a claim (ECF No. 26).[1]  *See* ECF No. 29.

In support of his motion for leave to appeal *in forma pauperis*, Plaintiff filed a single page of a thirty-nine-page printout of his account transaction sheet.  ECF No. 30-1.  It is unclear when this page was printed, as it does not show a "printed on" date, and the most recent transaction listed is from September 2021.  *See id.*  Regardless, the Court will assume for the purpose of this order that Plaintiff is unable to pay the $605.00 filing fee required for an appeal.  Plaintiff's motion to proceed *in forma pauperis* is, however,

---

[1] Plaintiff also states in his notice of appeal that he is appealing the order denying his motion to proceed *pro se*, which he identifies as ECF No. 16.  ECF No. 29 at 2.  That order, which also granted Plaintiff's attorney's motion to withdraw, was vacated on June 11, 2025, in an order that denied both Plaintiff's attorney's motion to withdraw and Plaintiff's motion to proceed *pro se*.  ECF No. 20.

**DENIED** for the reasons explained below.[2]

## THREE STRIKES UNDER 28 U.S.C. § 1915(g)

At the time Plaintiff filed his notice of appeal, he had accrued more than three strikes under 28 U.S.C. § 1915(g), and he does not allege imminent danger of serious physical injury.   Federal law bars a prisoner from "bring[ing] a civil action or appeal[ing] a judgment in a civil action" *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Under § 1915(g), a prisoner incurs a "strike" any time a court dismisses the prisoner's federal lawsuit or appeal on the grounds that it is frivolous or malicious or fails to state a claim.   *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).   Once a prisoner incurs three strikes, a court may not grant him leave to proceed *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury.   *Id.*

---

[2]  The Court notes, by way of background, that it recently became aware that Plaintiff's criminal sentence imposes a special filing condition.   *See Oliver v. State,* 364 Ga. App. 828, 846-47 (2022) (upholding special condition).   Specifically, Plaintiff's original sentencing order dated October 16, 2019 and his amended criminal sentencing order dated May 15, 2023 provide that "before filing any new actions, motions or petitions in the State of Georgia," Plaintiff must file a "Request to File New Action," which contains a copy of the document he wishes to file and a copy of his sentencing order, and provide both the assigned judge and the Georgia Department of Corrections ("GDC") warden at his current place of confinement with copies of the "new action, motion, or petition," and the "Request to File New Action." *See Oliver v. West,* 5:25-cv-265-MTT-AGH, ECF No. 13 at 1-2 (M.D. Ga. Aug. 13, 2025).   According to the GDC, Plaintiff has filed seventy-one cases in Georgia courts, fifty-four in the state courts and seventeen in the federal courts, since October 2019.   *West*, 5:25-cv-265-MTT-AGH, ECF No. 16 at 1. Plaintiff failed to comply with the requirements imposed in his sentence in the majority of these actions. *Id*. at 2.   In only half of the cases filed in the state courts did Oliver file the required "Request to File New Action" and the GDC has no record of Oliver ever serving it with the required documents.   *Id*. Despite any contrary interpretation by Plaintiff, the special condition applies both while Plaintiff is incarcerated and while he is on probation.   *See West*, 5:25-cv-265-MTT-AGH, ECF No. 15 at 2.

Having reviewed court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database, the Court finds that at the time Plaintiff filed his appeal, he had filed at least three federal lawsuits or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Oliver v. Reays Ranch Inv'rs*, Case No. 4:10-cv-0158-JMR-PSOT (D. Ariz. July 19, 2010); *Oliver v. Sloane*, Case No. 4:10-cv-0169-JMR-PSOT (D. Ariz. June 8, 2010); *Oliver v. Gore*, Case No. 3:09-cv-2505-BEN-POR (S.D. Cal. May 12, 2010). In *Oliver v. Chex Sys., Inc.*, Case No. 3:20-cv-00030-TCB (N.D. Cal.), the Magistrate Judge recommended dismissal on this basis, and Plaintiff filed objections disputing that he was the plaintiff in each of those cases. The Northern District Court then linked Plaintiff to the above-listed cases through orders filed in *Oliver v. County of Effingham*, Case No. 4:18-cv-00120-RSB-JEG (S.D. Ga.), and *Oliver v. Luner*, Case No. 2:18-cv-2562-VAP-AFM (C.D. Cal.). Thus, it appears that Plaintiff has accrued three strikes for the purposes of 28 U.S.C. § 1915(g). Because of this, Plaintiff may not proceed *in forma pauperis* on appeal unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193.

Plaintiff filed his original complaint in the Superior Court of Baldwin County, Georgia, and the defendants subsequently removed the case to this Court. ECF No. 1. Plaintiff's complaint alleged that three credit reporting agencies violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ECF No. 6. On motion of the defendants, this Court found that Plaintiff's second amended complaint was an impermissible shotgun pleading, that Plaintiff failed to state an actionable claim, and that any amendment would be futile. ECF No. 26. Thus, this Court dismissed the complaint. *Id.* Nothing in

Plaintiff's notice of appeal or motion to appeal *in forma pauperis* suggests that he is in any danger of physical injury relating to his claims, much less that he is in imminent danger of serious physical injury.   *See* ECF Nos. 29 & 30.

Because Plaintiff has had at least three complaints and/or appeals dismissed as frivolous, malicious, or for failure to state a claim and has made no showing of imminent danger of serious physical injury at the time he filed his notice of appeal, his motion to proceed *in forma pauperis* on appeal (ECF No. 30) is **DENIED**.   If Plaintiff wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee.

### LACK OF GOOD FAITH BASIS FOR APPEAL

Even if Plaintiff were not barred from proceeding *in forma pauperis* under the three strikes rule, he has not shown a good faith basis for his appeal.   Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.   28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.   The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. As stated above, the Court assumes that Plaintiff is unable to pay the $605.00 filing fee.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in *forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

This Court granted the defendants' motion to dismiss upon the findings that Plaintiff's complaint was an impermissible shotgun pleading, the complaint did not state a

claim for relief, and amendment of the complaint would be futile.  ECF No. 26.  In his

notice of appeal and motion to appeal *in forma pauperis*, Plaintiff does not identify any

grounds that he intends to raise on appeal.   Moreover, the Court's independent review of

the potential issues on appeal demonstrates that Plaintiff's appeal is frivolous.   *See Hyche*

*v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v.*

*Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on

appeal are often obvious and decisions regarding good faith can be made by looking at the

"reasoning of the ruling sought to be appealed" instead of requiring a statement from the

plaintiff).   The appeal, therefore, is not brought in good faith.   Consequently, Plaintiff's

application to appeal *in forma pauperis* (ECF No. 30) is **DENIED**.

     **SO ORDERED**, this 2nd day of September, 2025.

S/ Marc T. Treadwell

_____

MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT